IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          Case No. 4:19-cr-40014

CHARLES DONALD THOMPSON                                                     DEFENDANT

## ORDER

Before the Court is Defendant Charles Donald Thompson's Motion to Release Defendant with Conditions Pending Sentencing. (ECF No. 27). The Government has filed a response. (ECF No. 29). Defendant has filed a reply. (ECF No. 30). The Court finds this matter ripe for consideration.

## BACKGROUND

Defendant is awaiting sentencing after pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). After Defendant entered his guilty plea, the Court ordered him detained pursuant to the mandatory detention provisions of 18 U.S.C. § 3143(a)(1). On March 17, 2020, Defendant filed the instant motion, requesting release on home confinement pending sentencing. Defendant, who is being housed in the Miller County Jail in Miller County, Arkansas, states that due to his age and pre-existing lung conditions, he is "at a very high risk of life-threatening sickness" if he contracts COVID-19 while detained at the Miller County Jail. The Government opposes the motion.

## DISCUSSION

**A. Release Pending Sentencing**

The Court will now address whether Defendant should be released pending sentencing.

Title 18 U.S.C. § 3143(a)(1) requires the detention of any defendant "found guilty of an offense and who is awaiting imposition or execution of sentence . . . unless the judicial officer finds

by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. 3143(a)(1). Notwithstanding 18 U.S.C. § 3143(a)(1), courts may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c), "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). However, in that circumstance, the defendant must also show by clear and convincing evidence he is not likely to flee or pose a danger to the community. *Id.* "Exceptional reasons" within the meaning of 18 U.S.C. § 3145(c) are "clearly out of the ordinary, uncommon or rare." *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004).

Defendant is currently being housed in the Miller County Jail in Miller County, Arkansas. Defendant argues that he should be released from custody, on the same conditions as his pretrial release, in order to avoid exposure to COVID-19. Defendant contends that his age and preexisting lung condition make him particularly susceptible to COVID-19, and that if he were to contract COVID-19, he is at high risk of suffering serious complications. Defendant further argues that he does not pose a danger to the community, as evidenced by six and a half months of pretrial release with no violations or other problems. In response, the Government argues that the possibility that Defendant could contract COVID-19 while incarcerated is not an "exceptional reason" warranting his release from custody. The Government maintains that the Miller County Jail has taken measures to prevent exposure to COVID-19 and that the Miller County Jail is capable of providing adequate medical treatment should Defendant contract COVID-19. The Government also argues that Defendant had sexual contact with a minor (M1) and that he solicited nude photos from another minor (M2), and therefore, he poses a danger to community.

Upon consideration, the Court finds that Defendant has not demonstrated exceptional reasons as to why his detention is inappropriate. Although Defendant's age and preexisting lung condition do make it more likely that he would experience acute symptoms if he were to contract COVID-19,

his situation is not clearly out of the ordinary, uncommon, or rare.[1]  Many prisoners have preexisting health conditions that render them particularly susceptible to various contagions, including the current COVID-19 outbreak.  However, there are currently no confirmed cases of COVID-19 in Miller County, Arkansas; the Miller County Jail; or Texarkana, Arkansas.  The Miller County Jail has also taken precautions to prevent the spread of COVID-19, and there is no indication Defendant has or will be denied any necessary medical treatment or that the Miller County Jail is incapable of rendering adequate medical treatment should the need arise.  Thus, the Court finds that Defendant's health is not an exceptional reason as to why his detention is inappropriate.  In light of this finding, the Court need not address whether Defendant is likely to pose a danger to the community if he were released.

Accordingly, the Court finds that Defendant's request for presentencing release should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Release Defendant with Conditions Pending Sentencing (ECF No. 27) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 24th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Defendant is sixty-seven years old and has been diagnosed with Chronic Obstructive Pulmonary Disease ("COPD"), which is a chronic inflammatory lung disease that causes obstructed airflow from the lungs.  COVID-19 is a contagious virus spreading throughout the United States that attacks the respiratory system.  Persons over the age of sixty-five and persons with chronic conditions, especially respiratory conditions, are at an elevated risk of suffering acute symptoms. *Coronavirus Disease 2019*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last accessed Mar. 24, 2020).