IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                       Case No. 4:19-cr-40014

CHARLES DONALD THOMPSON                                                              DEFENDANT

## ORDER

Before the Court is Defendant Charles Donald Thompson's Motion to Reconsider Order Denying Release Based on Changed and Exceptional Circumstances. (ECF No. 51). The Government has responded. (ECF No. 52). The Court finds this matter ripe for consideration.

## BACKGROUND

Defendant is awaiting sentencing after pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). After Defendant entered his guilty plea, the Court ordered him detained pursuant to the mandatory detention provisions of 18 U.S.C. § 3143(a)(1).

On March 17, 2020, Defendant filed a motion requesting release on home confinement pending sentencing. Defendant, who is being housed in the Miller County Jail in Miller County, Arkansas, argued that his age and pre-existing lung conditions put him "at a very high risk of life-threatening sickness" if he contracts COVID-19 while detained at the Miller County Jail. On March 25, 2020, the Court denied Defendant's motion, finding that he had not demonstrated exceptional reasons as to why his detention was inappropriate. Specifically, the Court found that Defendant could not demonstrate exceptional reasons because, at that time, the Miller County Jail and Miller County,

Arkansas had no active cases of COVID-19. The Eighth Circuit Court of Appeals affirmed the Court's decision.[1]

On July 8, 2020, Defendant filed the instant motion, arguing that the Court should reconsider its previous ruling because approximately eighty inmates and five staff at the Miller County Jail have since tested positive for COVID-19. The Government opposes the motion, arguing that Defendant is a danger to community and that he still has not demonstrated exceptional reasons warranting his release.

## DISCUSSION

### A. Reconsideration of March 20, 2020 Order

"None of the Rules of Criminal Procedure authorizes a generic motion to reconsider." *United States v. Grant*, 703 F.3d 427, 434 (8th Cir. 2013) (Riley, J., dissenting); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). However, "motions to reconsider are 'a well-established procedural rule for criminal, as well as civil, litigation.'" *Grant*, 607 F.3d at 502 (quoting *United States v. Healy*, 376 U.S. 75, 80 (1964)). In addressing motions to reconsider in the criminal context, courts ordinarily apply the same standards as those used in civil cases. *Rollins*, 607 F.3d at 502. In a civil context, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

Title 18 U.S.C. § 3143(a)(1) requires the detention of any defendant "found guilty of an offense and who is awaiting imposition or execution of sentence . . . unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. 3143(a)(1). Notwithstanding 18 U.S.C. § 3143(a)(1), courts may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c),

---

[1] *United States v. Thompson*, No. 20-1642 (8th Cir. 2020).

"if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  However, in that circumstance, the defendant must also show by clear and convincing evidence he is not likely to flee or pose a danger to the community.  *Id.* "Exceptional reasons" within the meaning of 18 U.S.C. § 3145(c) are "clearly out of the ordinary, uncommon or rare."  *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004).

Defendant remains housed in the Miller County Jail in Miller County, Arkansas.  Defendant argues that the Court should reconsider its March 20, 2020 order because the new cases of COVID-19 in the Miller County jail amount to "exceptional reasons" as to why his detention is inappropriate.  Defendant contends that his age and preexisting lung condition make him particularly susceptible to COVID-19, and that if he were to contract COVID-19, he is at high risk of suffering serious complications.  Defendant further argues that he does not pose a danger to the community, as evidenced by six and a half months of pretrial release with no violations or other problems.

In response, the Government contends that Defendant violated the terms of his pretrial release and poses a danger to the community.  One condition of Defendant's pretrial release was that Defendant have no contact with minors.  The Government has provided the Court with an email from the United States Probation Office ("Probation") wherein Probation indicated that on August 30, 2019, Defendant requested permission for his grandson—a minor child—to be allowed to visit.  Probation denied Defendant's request and instructed him to have his attorney file a motion with the Court to modify the terms of his pretrial release.  No such motion was filed with the Court.  On September 2, 2019, Defendant's daughter posted pictures on Instagram of Defendant holding a toddler.  The FBI interviewed Defendant's daughter about the Instagram post, and she admitted that she and her minor son spent three or four days with Defendant in early September 2019.  The Government also argues that, prior to his arrest, Defendant had sexual contact with a minor (M1) and that he solicited nude photos from another minor (M2), and therefore, he poses a danger to

community. Moreover, the Government maintains that the Miller County Jail has taken measures to prevent exposure to COVID-19 and that the Miller County Jail is capable of providing adequate medical treatment should Defendant contract COVID-19, and thus, the possibility that Defendant could contract COVID-19 while incarcerated is not an "exceptional reason" warranting his release from custody.

Upon consideration, the Court finds that Defendant's motion should be denied. Defendant's sole argument that he would not pose a danger to the community is that he complied with the terms of his pretrial release. However, the Government has presented clear evidence that Defendant violated the terms of his pretrial release when he had contact with a minor on or about September 2, 2019. Notwithstanding that Defendant violated the conditions of his pretrial release, he pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). As part of his written plea agreement, Defendant acknowledged that M1 and M2 made allegations that he had engaged in inappropriate sexual conduct, including making sexual advances, giving them inappropriate hugs, and showing them child pornography. Considering Defendant's violation of the terms of his pretrial release along with his other alleged misconduct, in combination with the nature of Defendant's offense, the Court finds that Defendant is likely to pose a danger to the community if released.

In light of this finding, the Court need not address whether Defendant's health and the recent cases of COVID-19 in the Miller County Jail constitute exceptional reasons as to why his detention is inappropriate. However, the Court notes that the Miller County Jail took proactive measures to prevent the spread of COVID-19 and has taken additional precautions in response to the confirmed cases in the facility. Moreover, there is no indication Defendant has or will be denied any necessary medical treatment or that the Miller County Jail is incapable of rendering adequate medical treatment should the need arise.

In sum, the Court finds that Defendant's motion to reconsider should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Reconsider Order Denying Release Based on Changed and Exceptional Circumstances (ECF No. 51) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge